UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 6:17-CR-70-CHB-6 |
| | ) | |
| v. | ) | |
| | ) | |
| FRANK K. MEEKS, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

In November 2022, the Court received a letter from the Federal Bureau of Prisons ("BOP") explaining its calculation of the federal sentence imposed upon Defendant Frank Meeks, which was at clear variance with the Judgment entered in this case. *See* [R. 678 (Letter); R. 372 (Judgment)]. The Court ordered the letter filed of record and directed Meeks and the United States to respond to its contents. [R. 677]. As permitted by the Court's subsequent Orders, *see* [R. 681, 684], the parties have filed their responses to the BOP letter. *See* [R. 679 (United States Response), R. 683 (Meeks's Response), R. 685 (Meek's Supplemental Response)].

While the prosecution and defendant alike believe that the Court should amend the Judgment to reduce Meeks's sentence to at least some degree, the Court lacks the authority to do so. That is regrettable, as the Judgment failed to fully achieve the Court's intended goal of effectuating the plea agreement between the parties, and because it is plain that the BOP's calculation of Meeks's sentence does not conform to the applicable statutes. The Court will direct that a copy of this Memorandum be sent to the BOP and will direct the United States to confer with the BOP about a possible resolution. The BOP may, upon its own initiative, decide

to reconsider its calculation of Meeks's sentence.  If it does not, Meeks may seek habeas corpus relief pursuant to 28 U.S.C. § 2241 in the district of his confinement after exhausting his administrative remedies, as discussed in more detail below.

## I.     BACKGROUND

In order to put the relevant events in context, a plenary review of the pertinent aspects of Meeks's criminal history is appropriate.  In August 2015, several years before Meeks was charged in this Court, he was indicted in Knox County, Kentucky, on drug trafficking charges. In June 2016, Meeks pleaded guilty and was sentenced to a five-year state prison term, but that sentence was suspended to a four-year term of probation.  *Commonwealth v. Meeks*, No. 15-CR-00134 (Knox Cir. Ct. 2015) (from now on, "Case No. 15-134").[1]

On April 6, 2017, while still on probation in Case No. 15-134, Meeks was arrested and charged in Bell County, Kentucky, with drug possession and trafficking.  *Commonwealth v. Meeks*, No. 17-CR-00406 (Bell Cir. Ct. 2017) (from now on, "Case No. 17-406").[2]  Later that year, in September 2017, Meeks was charged in Knox County for numerous offenses, including drug possession, public intoxication, resisting arrest, assault, and being a persistent felony offender.  *Commonwealth v. Meeks*, No. 17-CR-00214 (Knox Cir. Ct. 2017) (from now on, "Case No. 17-214").[3]  Two months later, in November 2017, these events prompted Meeks to be charged with violating his probation in Case No. 15-134.  *See supra* note 1.

---

[1]*See* https://kcoj.kycourts.net/CourtNet/Search/CaseAtAGlance?county=061&court=1&division=CI&caseNumber= 15-CR-00134&caseTypeCode=CR&client_id=0 (accessed July 27, 2023).  The BOP refers to this as "Case Number 15-CR-00314", likely a typographical error. [R. 678, p. 1].

[2]*See* https://kcoj.kycourts.net/CourtNet/Search/CaseAtAGlance?county=007&court=1&division=CI&caseNumber= 17-CR-00406&caseTypeCode=CR&client_id=0 (accessed July 27, 2023).

[3] *See* https://kcoj.kycourts.net/CourtNet/Search/CaseAtAGlance?county=061&court=1&division=CI&caseNumber= 17-CR-00214&caseTypeCode=CR&client_id=0 (accessed July 27, 2023).

In May 2018, the United States filed a Superseding Indictment in this Court charging Meeks and eight others with conspiracy to traffic in methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 846. [R. 42]. On June 21, 2018, with this federal prosecution ongoing, Meeks pleaded guilty to the drug charges in Case No. 17-406, and the Bell Circuit Court sentenced him to a seven-year term of imprisonment. The Bell Circuit Court ordered its sentence to run consecutively to any sentence imposed in Case No. 15-134 and Case No. 17-214. *See supra* note 2; *see also* [R. 261-2].

On July 18, 2018, Meeks was temporarily borrowed from state custody pursuant to a writ of habeas corpus *ad prosequendum*. [R. 127]. In July 2019, Meeks reached an agreement with the government to plead guilty to a lesser included offense to that charged in the Superseding Indictment. [R. 323]. In the plea agreement, the parties noted that "the statutory punishment for the offense of conviction is a term of imprisonment of not less than 5 years and not more than life." *Id*. at ¶ 4. The parties also agreed to recommend that:

> (c) Pursuant to U.S.S.G. § 5G1.3(b)(1), the Defendant's sentence should be adjusted to reflect the amount of time already served on the undischarged state sentence for related conduct.
>
> (d) Pursuant to U.S.S.G. § 5G1.3(b)(2), the sentence for the instant offense should run concurrently to the remainder of the undischarged state sentence for related conduct.

[R. 323, p. 3].

A sentencing hearing was held on November 5, 2019. [R. 371]. During the hearing, Meeks's counsel addressed the sentencing factors under 18 U.S.C. § 3553(a), and noted that:

> [Meeks is] serving a seven-year sentence in Bell County for his involvement in the related conduct. . . . It's my understanding he was essentially borrowed from the state to resolve this federal case. And if I understand what will happen correctly, once he's sentenced, he'll go back to the state sentence.

- 3 -

> The United States has also, in the plea agreement, recommended that this run concurrently with his undischarged state sentence, which I think would certainly be fair.

[R. 693, p. 14 (Sentencing Transcript)].  Neither defense counsel nor the prosecution mentioned or requested a sentence adjustment under Section 5G1.3(b)(1) (though that specific provision was referenced in the plea agreement). Nonetheless, when the Court then imposed sentence it stated unprompted on the record:

> Accordingly, it's the judgment of the Court that the defendant, Frank K. Meeks, is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of 60 months.
>
> This sentence shall be imposed concurrently with the Bell County case 17-CR-406, beginning June 21st, 2018.
>
> So I presume you're going to get credit for your federal sentence for the custody that he's been in—time he's been in federal custody all the way back to June 21st, 2018?
>
> Is that correct?  I'm just verifying that with [the United States Probation Officer ("USPO")].

[R. 693, pp. 21–22].  The USPO verbally confirmed the Court's understanding.[4]  At the conclusion of the hearing, the Court imposed the statutory minimum sentence of sixty months of imprisonment.  In the hearing minutes, the Court adopted the revised Presentence Investigation Report as its findings, and stated that the "Transcript shall be deemed as [the] written findings of Court."  [R. 371].  The Court's written Judgment, entered the following day, sentenced Meeks to "**SIXTY (60) MONTHS to run concurrently with the Bell County case 17-CR-406,**

---

[4]  Unfortunately, this was not correct.  From June 2018 forward Meeks was in state custody in service of a state sentence, and that time period could not be "double counted" towards his federal sentence under 18 U.S.C. §3585(b). *United States v. Lytle*, 565 F. App'x 386, 392 (6th Cir. 2014) ("Time which has been credited towards service of a state sentence may not be 'double counted' against a federal sentence.").

**beginning on June 21, 2018.**"  [R. 372 (emphasis in original)].  Meeks was then returned to state custody.

On November 20, 2019—two weeks after the federal sentencing—the Knox Circuit Court dismissed the charges in Case No. 17-214 without prejudice upon the prosecution's motion.  *See supra* note 3.  Four months later, on March 25, 2020, Meeks pleaded guilty in Case No. 15-134.  In that case, the Knox Circuit Court revoked his probation and sentenced Meeks to a five-year state prison term with credit for time served.[5]  *See supra* note 1.

The BOP indicates that Meeks completed his state sentences on October 5, 2022 and was released into BOP custody for service of his federal sentence.  [R. 678, p. 2].  In a Sentencing Monitoring Computation Data ("SMCD") sheet generated shortly after his arrival, the BOP concluded that Meeks's federal sentence did not commence on the date that it was imposed in November 2019, but instead not until nearly three years later upon his arrival into BOP custody in October 2022.  [R. 683-1, p. 2].  That determination contradicted this Court's determination that Meeks's federal sentence would run concurrently with the state sentence imposed in Case No. 17-406, and further disregarded its direction that the sentence would commence on June 21, 2018.  *See id.* ("Unable to run [concurrent]; [Date Computation Began] is date inmate entered federal custody.").  As a result of the delayed commencement of Meeks's sentence, the BOP currently projects that he will not be released until October 24, 2026.

## II.   ANALYSIS

### A.  The Court's Sentence

---

[5] The BOP states that the Knox County probation revocation sentence in Case No. 15-134 was "to be served consecutively with Case Number 17-CR-00406."  [R. 678, p. 1].  To clarify, the consecutive nature of the two state sentences is established by the earlier-entered Bell County judgment in Case No. 17-406, not the later-entered probation revocation sentence in Case No. 15-134.

Having thoroughly reviewed the record, the Court concludes that the difficulties with Meeks's sentence arise both from errors with the Court's original sentence and with the BOP's subsequent computation of it.  First, the Court's sentence.  As noted above, in the plea agreement the parties agreed: (1) to recommend that Meeks's federal sentence run concurrently with the remaining portion of the seven-year sentence imposed by the Bell Circuit Court in Case No. 17-406 pursuant to U.S.S.G. § 5G1.3(b)(2), and (2) to recommend that Meeks's sentence be adjusted—effectively shortened—by the amount of time he had already served on that seven-year sentence, pursuant to U.S.S.G. § 5G1.3(b)(1).  [R. 323, p. 3].  During the sentencing hearing, Meeks's counsel requested the desired concurrent sentencing, but did not request that his sentence be adjusted under § 5G1.3(b).  [R. 693, pp. 13–14].  Nonetheless, when imposing its sentence, the Court indicated that the federal sentence would run concurrently with the state sentence and would begin on June 21st, 2018, the date that Meeks began serving his state sentence.  [R. 693, p. 21].  The Judgment contained the same language directing that Meeks sentence would begin on June 21, 2018.  [R. 372].

In doing so, the Court was endeavoring to give effect to the parties' agreed-upon recommendations, both for concurrent sentencing and for an adjustment for time served.  Unfortunately, the Court did not choose the right words to make its intention clear, and the difference matters.  The substantive provision of the Sentencing Guidelines referenced by the parties in the plea agreement, § 5G1.3(b), provides:

> (b) If subsection (a) does not apply,[6] and a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of § 1B1.3 (Relevant Conduct), the sentence for the instant offense shall be imposed as follows:

---

[6] USSG § 5G1.3(a) applies only "if the instant offense was committed while the defendant was serving a term of imprisonment (including work release, furlough, or escape status) or after sentencing for, but before commencing service of, such term of imprisonment." That is not the case here.

- 6 -

(1) the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and

(2) the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.

U.S.S.G. § 5G1.3(b).[7]  Application Note 2 to Section 5G1.3(b) explains how to effectuate such an adjustment and provides a relevant example:

(C)  Imposition of Sentence. — If subsection (b) applies, and the court adjusts the sentence for a period of time already served, the court should note on the Judgment in a Criminal Case Order (i) the applicable subsection (*e.g.*, §5G1.3(b)); (ii) the amount of time by which the sentence is being adjusted; (iii) the undischarged term of imprisonment for which the adjustment is being given; and (iv) that the sentence imposed is a sentence reduction pursuant to §5G1.3(b) for a period of imprisonment that will not be credited by the Bureau of Prisons.

(D) Example. — The following is an example in which subsection (b) applies and an adjustment to the sentence is appropriate:

The defendant is convicted of a federal offense charging the sale of 90 grams of cocaine.  Under §1B1.3, the defendant is held accountable for the sale of an additional 25 grams of cocaine, an offense for which the defendant has been convicted and sentenced in state court.  The defendant received a nine-month sentence of imprisonment for the state offense and has served six months on that sentence at the time of sentencing on the instant federal offense.  The guideline range applicable to the defendant is 12–18 months (Chapter Two offense level of level 16 for sale of 115 grams of cocaine; 3 level reduction for acceptance of responsibility; final offense level of level 13; Criminal History Category I).  The court determines that a sentence of 13 months provides the appropriate total punishment.  Because the defendant has already served six months on the related state charge as of the date of sentencing on the instant federal offense, a sentence of seven months, imposed to run concurrently with the three months remaining on the defendant's state sentence, achieves this result.

---

[7]  For the adjustment to be available, the other offense must be "relevant conduct" to the federal offense only within the meaning of the three referenced subdivisions; relevant conduct under other subdivisions does not qualify.  The Court assumes, as did the parties, that the offense conduct supporting the Bell County sentence qualified under the referenced subdivisions.

U.S.S.G. § 5G1.3, Application Note 2.  In an Application Note for U.S.S.G. § 5G1.3(d),[8] a

distinct but related provision, the Sentencing Commission emphasizes that:

> To avoid confusion with the Bureau of Prisons' exclusive authority provided under 18 U.S.C. § 3585(b) to grant credit for time served under certain circumstances, the Commission recommends that any downward departure[9] under this application note be clearly stated on the Judgment in a Criminal Case Order as a downward departure pursuant to §5G1.3(d), rather than as a credit for time served.

5 U.S.S.G. § 5G1.3, Application Note 4.  Thus, "rather than ordering the latter sentence to run

retroactively concurrent with the former sentence, a sentencing court correctly applying

§ 5G1.3(b) would adjust the length of the latter sentence to account for time already served on

the former sentence and then order the latter sentence to run concurrent to the remainder of the

former sentence."  *Marion v. Warden, FCI Danbury*, No. 3:16-CV-1290(AVC), 2017 WL

11707929, at *4 (D. Conn. Dec. 11, 2017).

Because both federal courts and the BOP alike tend to correctly view such sentence

reductions as "credit" for prior custody, imprecise use of terminology and resulting problems in

implementing the sentences are distressingly common.  As the Third Circuit has explained:

> Backdating a federal sentence [to commence prior to its imposition] conflicts with 18 U.S.C. § 3585(a), which states that a federal prison term may commence only when the defendant is received into custody.  Furthermore, the term "credit" can refer to different concepts.  The award of "credit" against a sentence, as described under 18 U.S.C. § 3585(b), is within the exclusive authority of the BOP.  *United States v. Wilson*, 503 U.S. 329, 333–34 (1992); *Ruggiano v. Reish*, 307 F.3d 121, 132 (3d Cir. 2002) (noting additionally that "credit" is a term of art as used in § 3585(b)).  In contrast, a court has authority, pursuant to Guidelines § 5G1.3(c), to fashion a sentence that accounts for time already served, and "credit for time served on a pre-existing state sentence is within the exclusive power of the sentencing

---

[8] This provision provides the policy statement for § 5G1.3 and states, "In any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense."

[9] Of course, a sentence reduction under § 5G1.3(b) is an "adjustment" rather than a "downward departure" under § 5G1.3(d), but the Application Note's emphasis upon clear language applies with equal force.  *See* https://www.ussc.gov/sites/default/files/pdf/training/Podcasts/5G13_quick-guide.pdf (accessed July 27, 2023).

- 8 -

> court." *Ruggiano*, 307 F.3d at 132; U.S.S.G. § 5G1.3(c) & cmt. n. 3(E); *see also* 18 U.S.C. § 3584 (permitting concurrent terms of imprisonment). The Guidelines caution sentencing courts that, "[t]o avoid confusion with the Bureau of Prisons' exclusive authority provided under 18 U.S.C. § 3585(b) to grant credit ... any downward departure under application note [3(E) in § 5G1.3] be clearly stated ... as a downward departure pursuant to § 5G1.3(c), rather than as a credit for time served."

*United States v. Gaskins*, 393 F. App'x 910, 914 (3d Cir. 2010) (cleaned up). Sixth Circuit law is to the same effect. *See United States v. Wells*, 473 F.3d 640, 645 (6th Cir. 2007) ("After a defendant is sentenced, it falls to BOP, not the district judge, to determine when a sentence is deemed to commence.") (cleaned up; *citing United States v. Pineyro,* 112 F.3d 43, 45 (2d Cir. 1997) and *Doan v. LaManna,* 27 F. App'x 297, 299 (6th Cir. 2001)); *Belcher v. Cauley*, No. 0:08-132-HRW, 2009 WL 464932, at *2–3 (E.D. Ky. Feb. 24, 2009) (noting that § 3585(a) bars a district court from ordering a federal sentence to commence prior to its imposition); *Pitman v. U.S. Bureau of Prisons*, No. 09-383-GFVT, 2011 WL 1226869 (E.D. Ky. Mar. 30, 2011) (same).

In this case, the parties and Court clearly intended to apply § 5G1.3(b) such that (1) Meeks's sentence was adjusted downward to reflect the amount of time that he had already served in Case No. 17-406, and (2) that his federal sentence would run concurrently with the remainder of his undischarged sentence in that state court case. In an attempt to effectuate this intention, the Court's Judgment sentenced Meeks to sixty months of imprisonment "to run concurrently with the Bell County case 17-CR-406, beginning on June 21, 2018." Because the Court's Judgment did not clearly explain its application of § 5G1.3(b), the BOP has now calculated Meeks's sentencing computation in a way that fails to reflect the Court's intended sentence.

**B.  The Court's Inability to Revise or Amend the Judgment**

- 9 -

The simplest and most direct solution would be to enter a revised Judgment effecting the result actually intended.  Unfortunately, the Court lacks the authority to revise the judgment in this criminal case.  Rule 35(a) of the Federal Rules of Criminal Procedure states that "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error.").  But deadline to invoke Rule 35 passed years ago, and the narrow relief afforded by Rule 35 would not have reached the substantive change to the sentence needed here in any event.  *Cf. United States v. Neal*, No. 2:94CR300-1, 2010 WL 11614255, at *1 (M.D.N.C. Aug. 16, 2010) (denying relief under Rule 35(a), the court noted that "Defendant has presented no authority that would allow the Court to 'amend' or 'clarify' the Judgment in this case" to reduce his sentence pursuant to U.S.S.G. § 5G1.3(b) more than 7 [now 14] days after it was entered).

Criminal Rule 36, however, can be invoked at any time to correct clerical errors or omissions.  Fed. R. Cr. P. 36 ("After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission.").  But in a case presenting facts and issues similar to those presented here, this Court has noted that "the remedy requested and granted—the substantive amendment of a 5-year old judgment—was far beyond the limited remedy afforded by Rule 36."  *Flores v. Kizziah*, No. 7:17-CV-126-KKC (E.D. Ky. 2017), R. 4 therein, pp. 2–3 (*citing United States v. Tubby*, 546 F. App'x 869, 872–73 (11th Cir. 2013); *United States v. Werber*, 51 F. 3d 342, 346–48 (2d Cir. 1996) (explaining that Rule 36 may not be used to alter final judgments to conform to intended but unexpressed consequences regarding prior custody credits)); *see also United States v. Trotter*, No. 12-20841, 2016 WL 4046908, at *3 (E.D. Mich. July 28, 2016) ("Rule 36 is not a vehicle for the vindication of the court's

unexpressed sentencing expectations, or for the correction of errors made by the court itself. Adjusting the sentence under U.S.S.G. 5G1.3(b)(1) would amount to a substantive change in Trotter's sentence, well beyond that allowed by Rule 36.") (cleaned up).

The Court may also not simply order that Meeks's sentence be adjusted at this late juncture: a sentencing court "generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. United States*, 560 U.S. 817, 819 (2010) (*quoting* 18 U.S.C. § 3582(c)); *United States v. Roberson*, 746 F. App'x 883, 886 (11th Cir. 2018) (*per curiam*). After all,

> As this Court (and many others) have repeatedly made clear, a reduction in sentence pursuant to U.S.S.G. § 5G1.3 or § 5K2.23 must be effected by shortening the defendant's sentence **at the time of sentencing**. *See In re: United States Bureau of Prisons, Dep't of Just.*, 918 F.3d 431, 439 (5th Cir. 2019) (noting, during review of district court's imposition of civil contempt sanctions against DSCC officers, that sentencing adjustments made pursuant to U.S.S.G. § 5G1.3(b) or § 5K2.23 are made by the trial court at the time of sentencing by revising and recalculating the defendant's final sentence); *United States v. Brooks*, No. 3:92-CR-157-J-39JBT, 2019 WL 2085138, at *1 (M.D. Fla. May 13, 2019) ("To the extent Brooks argues that the Court should run the federal sentence concurrently with the state sentence under U.S.S.G. § 5G1.3(b), the United States argues that the Court lacks authority to alter the judgment more than 20 years after the imposition of sentence. Response at 5-6. The United States is correct on both points."); *United States v. Sarber*, No. 6:05-CR-10137-JTM-1, 2016 WL 492749, at *2 (D. Kan. Feb. 8, 2016) (same); *see also United States v. Goulden*, 54 F.3d 774 (4th Cir. 1995) (district court lacked authority to reduce sentence under 5G1.3 more than 7 [now 14] days after sentence was imposed).

*Middleton v. Ormond*, No. 6:20-CV-66-JMH, 2022 WL 1308808, at *3 (E.D. Ky. May 2, 2022) (emphasis in original), *appeal dismissed sub nom. Middleton v. Gilley*, No. 22-5416, 2022 WL 16835903 (6th Cir. Aug. 23, 2022). *See also Vizcarra-Hernandez v. Wilner*, No. CIV.A. 08-CV00400-BN, 2008 WL 5054569, at *3 (D. Colo. Nov. 21, 2008).

The foregoing establishes that this Court cannot now shorten Meeks's federal sentence to account for the time he served in state custody before his federal sentence was imposed. That said, he *might* have a different avenue for relief. In *Flores*, this Court held that "the remedy to

address a written judgment that does not correctly express the agreed-upon intention of the parties lies not in creative 'interpretation' of a written judgment by the BOP to conclude that the judgment means something that it plainly does not say.  The only appropriate remedy is a judicial one: a habeas corpus petition filed pursuant to § 2241." *Flores v. Kizziah*, No. 7: 17-CV-126-KKC, 2018 WL 3732664, at *2 (E.D. Ky. Aug. 6, 2018).  Such a petition must be filed in the judicial district where the prisoner is confined; in this instance, in South Carolina. *See* 28 U.S.C. § 2241(a).  However, the habeas court in South Carolina may not agree that Section 2241 provides a viable mechanism to effect this Court's intended but unachieved result. *Compare Ruggiano v. Reish*, 307 F. 3d 121, 123-24 (3d Cir. 2002) (indicating that habeas relief is available), *superseded on other grounds by* U.S.S.G. § 5G1.3 cmt. n.3(E) (2003), *with Humphrey v. Cruz*, No. 8:14-CV-718-BHH, 2015 WL 1218648, at *8 (D.S.C. Mar. 17, 2015), *aff'd*, 605 F. App'x 228 (4th Cir. 2015) ("To the extent Petitioner seeks credit for his prior state sentences pursuant to [§ 5G1.3(b)], an allegation that USSG § 5G1.3 should have been applied is a collateral attack on Petitioner's sentence that should be brought under 28 U.S.C. § 2255.").

Of course, a Section 2241 petition filed by Meeks would not be challenging this Court's substantive failure or refusal to grant sentence relief under Section 5G1.3(b) in the first instance, but instead would be seeking relief from an unintended shortcoming of the method and language used by the Court to effectuate the relief which it intended to provide.  If the habeas court concludes that the distinction matters, an issue upon which this Court expresses no opinion, the circuits are in agreement that the sentence pronounced at the hearing controls in the face of any conflict with the written judgment. *Cf. United States v. Penson*, 526 F. 3d 331, 334 (6th Cir. 2008).  And determining whether Section 5G1.3(b) was meant to be applied, as it was in this case, is a matter of assessing the sentencing judge's intention; no magic words are required. *Cf.*

*United States v. Margiotti*, 85 F.3d 100, 105 (2d Cir. 1996) ("Section 5G1.3(c) simply does not require the use of any particular verbal formula or incantation.").  Finally, while it is true that habeas petitioners must ordinarily exhaust their administrative remedies prior to filing suit, *Timms v. Johns*, 627 F.3d 525, 531 (4th Cir. 2010), the exhaustion requirement may be excused upon grounds of futility if the habeas court concludes that unusual circumstances warrant such relief, *Rivers v. Dunbar*, No. 8:23-CV-0310-JFA-JDA, 2023 WL 2384398, at *4 (D.S.C. Jan. 27, 2023).

### C.  The BOP's Sentence Computation

The second matter for consideration is the BOP's calculation of Meeks's sentence. Leaving aside the unenforceable portion regarding the commencement date of Meeks's sentence, the Court's Judgment expressly directed that Meeks's sentence was to "run concurrently with the Bell County case 17-CR-406."  [R. 372].  It is well established that a federal sentence cannot commence before it is imposed.  18 U.S.C. § 3585(a); *United States v. Flores*, 616 F.2d 840, 841 (5th Cir. 1980) ("A federal sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served."); *United States v. Wells*, 473 F.3d 640, 645 (6th Cir. 2007) ("The district judge had no statutory authority to order that the defendant's federal sentence should 'commence' [before the date his sentence was imposed].").

Accordingly, an order of concurrency causes the federal sentence to run in parallel with the *undischarged* portion of the state sentence, meaning that unserved portion of the state sentence that remains when the federal sentence is imposed. *See Belcher v. Cauley*, No. 0:08-132-HRW, 2009 WL 464932, at *2–3 (E.D. Ky. Feb. 24, 2009) (citations omitted).  Thus, when even a single non-federal sentence is already being served when the federal sentence is imposed and ordered to run concurrently with it, the federal sentence necessarily *always* commences

- 13 -

immediately upon imposition as required to effectuate concurrent sentencing.  *See Setser v. United States*, 566 U.S. 231, 238 (2012) ("Only district courts would have the authority to make the concurrent-vs.-consecutive decision . . . and the BOP is not free to use its 'place of imprisonment' authority to achieve a different result.") (cleaned up).  If it were otherwise, the order of concurrency would fail to result in the federal sentence running parallel to the full measure of the undischarged portion of the state sentence as directed by the federal judgment.

The applicable BOP Program Statement ("PS") 5880.28 indicates as much:

> The court may, for a prisoner who is serving a non-federal undischarged term of imprisonment while "on loan" to the federal government under the jurisdiction of a federal writ of habeas corpus *ad prosequendum*, impose the federal sentence to run concurrently with, or consecutively to, the other undischarged term of imprisonment. Upon receipt of the judgment and commitment from the U.S. Marshals' Service that orders the federal sentence to be served concurrently with the non-federal sentence, the RISA shall, in accordance with 18 U.S.C. § 3621(b), designate the non-federal facility as the place to serve the federal sentence and complete the other procedures required by the Program Statement on Designation of State Institution for Service of Federal Sentence, for executing this type of concurrent sentence.

PS 5880.28 CN-03, pp. 1-32 – 1-32A (Feb. 14, 1997).  This indicates that Meeks's federal sentence commenced upon imposition, with the state prison identified as the place of confinement for the federal sentence.

Of course, while Meeks was already serving the Bell County sentence, the Knox County probation revocation sentence had not yet been imposed when the federal sentence was entered. The Court's Judgment did not mention any possible future sentence imposed for the probation revocation.  It is true that 18 U.S.C. § 3584(a) provides that "multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."  With respect to anticipated but not yet imposed sentences, the PS states:

> On occasion, a federal court will order the federal sentence to run concurrently with or consecutively to a not yet imposed term of imprisonment. Case law supports a

- 14 -

> court's discretion to enter such an order and the federal sentence shall be enforced in the manner prescribed by the court.  If the just imposed federal sentence is ordered to run concurrently with a non-existent term of imprisonment, then the RISA shall designate the non-federal place as the place to serve the federal sentence as of the date that the federal sentence was imposed.  *If the federal sentence is silent, or ordered to run consecutively to the non-existent term of imprisonment, then the federal sentence shall not be placed into operation until the U.S. Marshals' Service or the Bureau of Prisons gains exclusive custody of the prisoner.*

*Id.* (emphasis added).  It may be this last sentence which guided the BOP's initial SMCD in this case.  But if it did, such reliance was misplaced.[10]  The quoted language plainly describes a situation where the federal judgment is silent *vis-a-vis* an anticipated state sentence where that state sentence is the *only* other sentence about which concurrency must be determined.  The text of Section 3584(a) does not clearly indicate how to treat *multiple* other sentences, in differing stages of resolution, in the circumstances present here.  Given that the Court's Judgment expressly directed concurrent treatment with Case No. 17-406, an already pending sentence, Meeks's federal sentence commenced immediately upon imposition.  This is consistent with longstanding federal precedent and represents the position that the BOP has taken in numerous federal habeas cases before this and other courts.  *Cf. Ballard v. Williams*, No. 4:21-CV-570,

---

[10]  As a practical matter, no sentencing court is in a position to divine how criminal proceedings pending in another court will be resolved in the future.  This is one reason why "it is customary for the judge imposing the first sentence to make no determination regarding whether the sentence imposed should run consecutively with or concurrent to another sentence which has not yet been imposed by another court." *Simms v. United States*, No. CIV.A. 08-43-HRW, 2009 WL 3061994, at *4 (E.D. Ky. Sept. 21, 2009) (*citing State v. Stafford*, 368 N.W. 2d 364, 366 (Minn. App. 1985) ("The option of consecutive sentencing should be reserved to the judge last sentencing the defendant, who is in the better position to determine whether consecutive sentencing is justified.").  In this case, the probation revocation proceedings in Knox County resulted in an additional sentence against Meeks, but this was imposed only after the federal sentencing had concluded.  When this Court imposed sentence, it was equally possible that the pending Knox County charges would be dismissed, as frequently occurs when state prosecuting authorities decide that the federal sentence provides a sufficient punishment for the crimes committed by the defendant.  Indeed, such considerations may have been what prompted the state court to impose a 5-year sentence, but give Meeks full credit for the more than two years he had already spent in state custody when that sentence was imposed.  Further, Meeks faced yet another substantial sentence for the charges pending in Case No. 17-214, but all of those charges were dismissed *without prejudice* shortly after the sentence in this case was imposed.  *See supra* note 3.  It surely cannot be the case that a subsequent revival of those charges, years after federal sentence was imposed, would permit the BOP to determine that the commencement date of Meeks's federal sentence should be deferred even further.

2022 WL 617221, at *5 (N.D. Ohio Feb. 3, 2022) ("If a federal sentence is ordered to run concurrently with pre-existing state sentence, the federal sentence begins to run when the federal sentence is imposed.") (*quoting Arnold v. Holland*, No. 6: 16-42-GFVT, 2016 U.S. Dist. LEXIS 76257, at *4 (E.D. Ky. June 13, 2016)), *report and recommendation adopted sub nom. Ballard v. Williams*, 2022 WL 614676 (N.D. Ohio Mar. 2, 2022); *Williams v. Wilson*, No. 6:10-CV-275-GFVT, 2011 WL 2560274, at *4 (E.D. Ky. June 28, 2011); *Pitman v. U.S. Bureau of Prisons*, No. 09-CV-383-GFVT, 2011 WL 1226869, at *2-4 (E.D. Ky. Mar. 30, 2011).[11]

These authorities compellingly indicate to the Court that Meeks's sentence commenced upon imposition, notwithstanding the failure to expressly direct concurrency regarding two possible state sentences that might (or might not) have been imposed at some later date.  It is certainly the Court's hope and expectation that the BOP will voluntarily adjust its sentence computation to reflect the sentence intended by the Court's Judgment.

### D.  Alternative Avenues for Relief

Should the BOP decline to adjust its sentencing computation, Meeks has two possible avenues for relief.  One option is for Meeks to challenge the BOP's computation of his sentence by invoking and fully exhausting the BOP's Administrative Remedy  Program, PS 1330.18, and then to file a habeas corpus petition pursuant to 28 U.S.C. § 2241 in the district where he is confined.

Another option is for Meeks to seek relief in this Court under 18 U.S.C. § 3582(c)(1)(A). *See Setser v. United States*, 566 U.S. 231, 242 (2012) ("When the district court's failure to

---

[11]  And once a federal sentence commences, it must run continuously until its termination; it is almost never interrupted by intervening events, regardless of cause.  *Cf. Weekes v. Fleming*, 301 F.3d 1175, 1180 (10th Cir. 2002) (noting the general rule "that a sentence of five years means a continuous sentence, unless interrupted by some fault of the prisoner, and he cannot be required to serve it in installments.") (cleaned up); *Free v. Miles*, 333 F.3d 550 (5th Cir. 2003) (*per curiam*).  Thus, once Meeks's federal sentence began in November 2019, the Knox County sentence imposed in March 2020 could not cause the running federal sentence to halt so that its commencement date could be retroactively deferred.

anticipate developments that take place after the first sentencing produces unfairness to the defendant, [Section 3582(c)(1)(A)] provides a mechanism for relief."); *see also United States v. Chase*, No. 10-20398, 2021 WL 5204978, at *3 (E.D. Mich. Nov. 9, 2021) (granting sentence reduction under Section 3582(c) under facts partially similar to those presented here); *United States v. Eccleston*, 543 F. Supp. 3d 1092, 1138 (D.N.M. 2021) (reducing a sentence pursuant to Section 3582 based in part upon the defendant's understanding at the time of federal sentencing that that his state and federal sentences would run concurrently). *Compare United States v. Lawson*, No. CR 03-282-1 (JDB), 2022 WL 2663887, at *12 (D.D.C. July 11, 2022), *aff'd*, No. 22-3049, 2023 WL 4044609 (D.C. Cir. June 16, 2023) (declining to grant relief under Section 3582(c) based upon claimed "unfairness" of BOP's assertedly incorrect sentence calculation in light of the "habeas-channeling rule" of *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973), which directs challenges to sentence computation to habeas corpus proceedings); *United States v. Fleming*, No. 12-20620, 2022 WL 446743, at *3 (E.D. Mich. Feb. 14, 2022) (same). Before filing a Section 3582(c) motion in this Court, Meeks must request that his warden file a Section 3582(c) motion for sentence reduction on his behalf, following the procedures outlined in BOP Program Statement 5050.50 (Jan. 17, 2019). If the warden declines, Meeks must exhaust his administrative remedies as he would normally, *see* 28 C.F.R. § 571.63, and then he may file a motion in this Court.

Accordingly, the Court **ORDERS** as follows:

1. The Clerk of Court is **DIRECTED** to send a copy of this Memorandum Opinion and Order to the Federal Bureau of Prisons Designation and Sentence Computation Center at the address set forth below, as well as the United States Probation Office.

2.  The United States **SHALL** confer with the Bureau of Prisons and the United States Probation Office regarding possible resolution of the sentencing issues outlined above.

3.  On or before **August 24, 2023**, the United States **SHALL** file a status report reflecting the outcome of its discussions with the Bureau of Prisons and the United States Probation Office.

4.  Upon receipt of the status report, the Court will enter an order addressing next steps, if necessary.

This the 9th day of August, 2023.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY

cc:     Counsel of Record

Frank K. Meeks, pro se (#22107-032)
FCI Edgefield
501 Gary Hill Road
Edgefield, South Carolina 29824

Federal Bureau of Prisons, Designation and Sentence Computation Center
U.S. Armed Forces Reserve Complex
c/o Kathy Williams
346 Marine Forces Drive
Grand Prairie, Texas 75051

United States Probation Office
c/o Michelle Studer
300 South Main Street
London, Kentucky 40741

Warren G. "Butch" Little
Chief U.S. Probation Officer
U.S. Probation Office
100 E. Vine St., Suite #600
Lexington, Kentucky 40507